## TERRITORY *v.* T. AKI.

## No. 1613.

EXCEPTIONS FROM CIRCUIT COURT SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

ARGUED JUNE 22, 1925.                    DECIDED JULY 2, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CRIMINAL LAW—*permitting gambling in rented premises—instructions.*

Under an indictment charging that defendant knowingly permitted gambling to be carried on in premises rented by defendant, an instruction that the jury might convict if it believed from the evidence that defendant knew, or as a reasonable prudent man ought to have known, that gambling was being carried on in said premises and took no steps to put a stop to such gambling, is reversible error.

SAME—*instructions.*

Under an indictment charging that defendant knowingly permitted gambling to be carried on in premises rented, occupied and controlled by defendant, it is error for the trial court to charge that the jury might convict if it appeared from the evidence that defendant owned the premises.

OPINION OF THE COURT BY LINDSAY, J.

Defendant was indicted, tried and convicted of the offense of violating section 4469, R. L. 1925, which provides that any person who "knowingly permits any game or

games prohibited by sections 4461-4474, to be played, conducted or dealt in any building or vessel owned or rented by such person in whole or in part, is guilty of a misdemeanor."

The indictment charges "that T. Aki * * * did knowingly permit gambling games, to wit, games known as fan tan and pai kou, at which games money or something of value was lost and won, to be played and carried on at those certain premises rented, occupied and controlled by the said T. Aki, located in the rear of the Tow Yee Kwock Society building on Market street in the said town of Wailuku, contrary to the form of the statute in such cases made and provided." The case comes here on exceptions under which it is contended that the court erred in permitting incompetent evidence on the part of the prosecution to be introduced in several instances; in making improper remarks in the presence of the jury; in refusing to strike certain testimony for the prosecution; in denying defendant's motion for a new trial; in giving certain instructions for the prosecution; and in refusing to give certain instructions for the defendant. It is furthermore contended that the verdict of the jury was contrary to the law, the evidence and the weight of the evidence.

The defendant earnestly urges that there is no evidence tending to show that defendant rented the premises on which it is alleged gambling was carried on. It must be conceded that an examination of the evidence as disclosed by the transcript lends considerable force to this contention, but, in view of the opinion formed by us as to the other errors assigned, we deem it unnecessary to consider this phase of the case.

At the request of the prosecution the court gave the following instructions to the jury, the giving of which defendant contends constitutes reversible error:

"No. 4. The indictment in this case charges that the defendant at Wailuku, County of Maui, Territory of Hawaii, on the 1st day of July, 1924, and on divers other days between the said first day of July, 1924, and the date of the indictment in this case, to wit, on the 20th day of December, 1924, did knowingly permit gambling games to be played and carried on at those certain premises, rented, occupied and controlled by the said defendant, which premises are alleged to be located in the rear of the Tow Yee Kwock Society building on Market street in the said town of Wailuku. If you find and believe from the evidence beyond a reasonable doubt that the defendant either in his own separate and individual right is the owner of or controls, occupies or rents the premises on which it is alleged that gambling was permitted by him or that the defendant, as a member of the Tow Yee Kwock Society has an interest in said premises either in law or in equity and by virtue of such interests occupies and controls the said premises, and you further find from the evidence that the defendant knowingly permitted gambling to be carried on at the said premises you should find the defendant guilty as charged."

"No. 5. The prosecution is not required to prove by direct evidence that the defendant 'knowingly permitted' gambling on the premises in question; but it is sufficient if you believe and find from the evidence beyond a reasonable doubt that the defendant knew, or as a reasonable prudent man ought to have known, that gambling was being carried on at the said premises, and that he took no steps or action to put a stop to such gambling."

"No. 6. If you believe beyond a reasonable doubt from the evidence that the premises and property in question are owned by the Tow Yee Kwock Society and that the said society is an unincorporated beneficial organization and that the defendant is a member of such society you are instructed that such member the defendant is deemed and considered in law as one of the co-owners of such property and that such ownership is sufficient to warrant you finding the defendant guilty as charged

if you find that the *other* allegations of the indictment have been proven to you beyond a reasonable doubt as you have heretofore been instructed."

These instructions clearly should not have been given and entitle the defendant to a new trial.

The offense with which defendant was charged, as defined by the statute and as expressed in the indictment, was that he *knowingly* permitted gambling games to be carried on. It was therefore incumbent upon the prosecution to prove beyond a reasonable doubt that defendant knowingly permitted gambling to be carried on, and the instruction that the jury might convict if they believed from the evidence that defendant "knew, or as a reasonable prudent man ought to have known, that gambling was being carried on at the said premises, and that he took no steps or action to put a stop to such gambling," was clearly erroneous. It is true that, if the evidence showed that gambling was being carried on under such circumstances that it was likely that defendant was aware of the same, the jury might have been warranted from such evidence in finding that as a matter of fact the defendant did know that gambling was going on, nevertheless, in order to convict defendant, the jury must find, not that the defendant ought, as a reasonable man to have known, but that he actually did know, for such knowledge on his part is an essential element of the offense with which he was charged.

As to ownership of the premises in question. It appears to have been the theory of the trial court, and, in the instructions complained of, he so instructed the jury, that, notwithstanding the terms of the indictment and the nature of the offense as defined by the statute, the defendant might be convicted if it appeared from the evidence that defendant *owned* the premises, or that

defendant *rented* the premises, or that defendant *occupied* and *controlled* the premises. Such theory, however, is untenable, for, in the first place, there is an entire lack of evidence tending to show that defendant owned the building. There was some evidence in the case to the effect that the premises were owned by the Tow Yee Kwock Society and that defendant was a member of that society, but whether the society was or was not an unincorporated society and that membership therein carried with it an interest in the premises is entirely unrevealed by the evidence. But a stronger objection to the instruction as to ownership is the fact that the defendant was not charged as an owner but as a renter, hence any instruction as to ownership was inappropriate.

It may further be remarked that we entertain grave doubts as to whether a conviction under the statute involved may be sustained, as intimated by the trial court in its instruction to the jury, if the evidence does not prove that defendant rents the premises but merely tends to show that he occupies and controls the same. Neither of the words "occupies" or "controls" is employed in the statute, and the legislature not having used such words, it is not permissible for the courts in a criminal case to read those words into the statute.

For the foregoing reasons the exceptions are sustained, the verdict is set aside, and a new trial granted.

*E. R. Bevins,* County Attorney of Maui (*Wendell F. Crockett,* Deputy County Attorney of Maui, with him on the brief), for the Territory.

*H. L. Wrenn* (*J. L. Coke* and *E. Vincent* with him on the briefs) for defendant.