TERRITORY v. HARUKICHI HARADA, Y. HOSHIDE AND M. KIMURA.

No. 1625.

EXCEPTIONS FROM CIRCUIT COURT SECOND CIRCUIT. HON. D. H. CASE, JUDGE.

ARGUED JUNE 7, 1926.                    DECIDED JUNE 12, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

CRIMINAL LAW—permitting gambling in rented premises—ingredients of offense.

It is an essential ingredient of the offense named in R. L. 1925, section 4469, that the accused own or rent the premises in which the gambling is permitted to be conducted. That he merely "occupied" or "controlled" the premises is not sufficient.

NEW TRIAL—sufficiency of evidence to support verdict.

The evidence in this case held insufficient to support a finding that two of the defendants rented the premises in which gambling was conducted.

OPINION OF THE COURT BY PERRY, C. J.

The three defendants, Harukichi Harada, Y. Hoshide and M. Kimura, were charged in an indictment with knowingly permitting a gambling game to be carried on at certain described premises "rented, occupied and controlled" by them. From a conviction of all of the de-

fendants the case comes to this court upon exceptions.

The statute under which the prosecution was instituted and conducted is R. L. 1925, section 4469, which provides in part that "every person * * * who knowingly permits any game or games prohibited by sections 4461-4474" (gambling games) "to be played, conducted or dealt in any building * * * owned or rented by such person in whole or in part is guilty of a misdemeanor." It is an essential ingredient of the offense named in this statute that the accused own or rent the premises in which the gambling is permitted to be conducted. That the defendant merely "occupied" or "controlled" the premises is not sufficient. See *Territory* v. *Aki,* 28 Haw. 514. An examination of the transcript of the evidence shows that ample evidence was adduced tending to support a finding by the jury that at the time and place named in the charge the three defendants conducted a gambling game. No contention to the contrary is advanced by any of the defendants upon these exceptions. There was also ample evidence tending to show that the defendant Hoshide, during all of the period of nearly six months named in the indictment, rented the premises in which the gambling games were conducted by the three defendants. There was no evidence whatever tending to show that the defendant Kimura rented the premises, either in whole or in part, and the only testimony adduced which is claimed by the prosecution to show that the defendant Harada rented the premises was that of an employee of the Maui Electric Company which supplied the premises in question with electricity for lighting, who testified that the defendant Harada paid the amount of the bill for the lighting of the premises during one of the months in the period named in the indictment. This evidence, however, was accompanied and explained by other undisputed evidence to the effect that this payment was

made on behalf of Hoshide and was credited on the books of the Electric Company to Hoshide and was not a payment by Harada for himself. Upon the record before us no evidence was adduced sufficient to support a finding that either Harada or Kimura rented the premises in whole or in part. Under the statute above quoted it is necessary in order to support a conviction for the prosecution to show that the defendant either owned or rented the premises in which the gambling is charged to have been conducted. In the case at bar, under the indictment as drawn, it was necessary for the prosecution to show that each of the three defendants rented the premises and it was insufficient to show, as to two of them, that they merely occupied or controlled the premises. Aside from any question as to the instructions given or refused, the conviction of Harada and Kimura cannot stand.

The evidence being sufficient to support the conviction of Hoshide, the only question remaining upon the exceptions is whether as to him any error occurred in the giving or refusal of instructions, the contention on behalf of the defendants being that, while one of the instructions on the subject of the renting of the premises was correct, others of the instructions were wholly incorrect, all of them taken together were irreconcilable and the error was prejudicial to the defendants.

In the prosecution's instruction No. 3 the court instructed the jury that the indictment charged the defendants with knowingly permitting gambling games to be played and carried on at certain named premises "rented, occupied and controlled by the said defendants" and said: "If you find and believe from the evidence * * * that the defendants rented, occupied and controlled the premises described in the indictment" and permitted gambling to be there carried on "you should find the defendants guilty as charged." Technically it was error

to refer in this connection to occupation and control of the premises but since the three terms were joined by the conjunctive and not by the disjunctive the error merely imposed an additional burden of proof upon the prosecution which was not required of it by the law; and the defendants cannot complain of the error.

Instruction No. 5 requested by the defendants read as follows: "The defendants can only be convicted if the building * * * was owned or rented by the defendants and you can only convict all of the defendants in case you find from the evidence that all of them owned or rented the building in question." This was a correct statement of the law.

Instruction No. 6 requested by the defendants was refused. In it the court was asked to charge the jury as follows: "If you find from the evidence that some of the defendants owned or rented the building in question and that others of the defendants did not own or were not lessees of the building, then you may convict such defendants as you have found from the evidence owned or had rented the building, and you must acquit such of the defendants as you find were neither the owners nor lessees of the building." This also was a correct statement of the law and should have been given; but while the error in the refusal to give it was prejudicial to Harada and Kimura it was not prejudicial to Hoshide. The defendants adduced no evidence whatever. The evidence of the prosecution was ample and uncontradicted to the effect that Hoshide actually rented the premises during all of the period named in the indictment. So far as the record shows the testimony on this point was given by wholly disinterested witnesses. No reason whatever appears for disregarding it as unworthy of belief. The evident purpose of the instruction was to protect the two defendants against whom no evidence of renting had been adduced.

It was evidently not intended, and could not properly have operated, for the protection of Hoshide; and in defendants' instruction No. 5, which was given, the jury was instructed in effect that Hoshide could only be convicted if the building was owned or rented by him.

The only remaining instruction referred to by the defendants in support of their specification of errors is No. 4, requested by the prosecution and given. Immediately following prosecution's instruction No. 3, which as above noted recited the substance of the indictment and told the jury that if it found from the evidence that the defendants "rented, occupied and controlled the premises" and permitted gambling thereon they should be convicted, No. 4 added: "However in this connection you are further instructed that if you believe from the evidence beyond a reasonable doubt that the defendants as co-partners, or as members of a hui, rented or had the possession or control of the premises described in the indictment and permitted gambling to be carried on therein   *   *   *   it is immaterial that the premises were actually rented in the name of but one of the defendants." · The contention is that this was equivalent to charging the jury that any of the defendants could be convicted if he rented *or* had the possession *or* control of the premises. We think that the instruction could not properly be so understood. The case stands as though the prosecution's instructions No. 3 and No. 4 were but one instruction. The sequence of language and thought makes them in effect one instruction only and that instruction was that if the jury believed from the evidence (in addition to the element of permitting the conducting of gambling) that the defendants "rented, occupied *and* controlled" the premises, it should convict them and that in that connection "it is immaterial that the premises were actually rented in the name of but one of the defendants" if the jury believed

from the evidence that the defendants "as co-partners, or as members of a hui, rented or had the possession or control of the premises." While this instruction was erroneous and prejudicial to the defendants Harada and Kimura, it was not prejudicial to Hoshide. It obviously had reference to the evidence of actual renting in the name of Hoshide alone and to the possibility of the other two defendants' having possession or control of the premises in connection with Hoshide as his partners. It did not contemplate and could not contemplate any finding that Hoshide did not actually rent the premises. The uncontradicted evidence as it stood was such as to require a finding at the hands of the jury that Hoshide was the actual renter. As to Hoshide, there was no modification of the other instructions as given (prosecution's No. 3 and defendants' No. 5), that he was to be convicted only if he was found to have rented the premises.

The exceptions in so far as they relate to the defendant Hoshide are overruled and in so far as they relate to the defendants Harada and Kimura are sustained and a new trial is granted as to these two defendants.

*E. R. Bevins,* County Attorney of Maui (*Wendell F. Crockett,* Deputy County Attorney of Maui, with him on the brief), for the Territory.

*J. L. Coke* (*H. L. Wrenn* and *Fred Patterson* with him on the briefs) for defendants.